IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JANE IWEBO, | * |
| Plaintiff, | * |
| v. | * Civil Case No.: 1:19-cv-03008-BPG |
| SHEPPARD PRATT HEALTH SYSTEM, INC., | * |
| Defendant. | * |

**DEFENDANT SHEPPARD PRATT HEALTH SYSTEM, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff Jane Iwebo's Opposition to Defendant Sheppard Pratt Health System's ("Sheppard Pratt") Motion to Dismiss fails to demonstrate that Plaintiff's Complaint alleges sufficient facts to raise a right to relief above the speculative level and to state a claim that is plausible on its face. As discussed within, and for the reasons stated in Sheppard Pratt's Memorandum in Support of its Motion to Dismiss, Plaintiff's Complaint should be dismissed with prejudice.

**I. ARGUMENT**

**A. Plaintiff's Title VII Termination-Related Claims Are Barred by Her Failure to Exhaust Her Administrative Remedies.**

Plaintiff's argument that she exhausted her Title VII termination-related claims is without merit. "In determining whether she exhausted her claims, [the Court] give[s] credit for charges stated in her administrative charging document, as well as 'charges that would naturally have arisen from an investigation thereof.'" *Parker v. Reema Consulting Servs., Inc.*, 915 F.3d 297, 306 (4th Cir. 2019) (quoting *Dennis v. Cnty. of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995)). "But when the claims in her court complaint are broader than 'the allegation of a discrete act or acts in

the administrative charge,' they are procedurally barred." *Id.* (quoting *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005)); *see also Dennis*, 55 F.3d at 156 (finding that the plaintiff's charge of discrimination only concerned discriminatory discipline, but the complaint alleged failure to hire, promote, or train and was not properly exhausted). "Although administrative charges must be construed liberally, the Court is not 'at liberty to read into the charges allegations they do not contain.'" *Johnson v. United Parcel Serv., Inc.*, 2018 WL 3956623, at *4 (D. Md. Aug. 16, 2018) (quoting *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 408 (4th Cir. 2013)).

In her Opposition, Plaintiff admits that her Charge of Discrimination made no reference to her termination. ECF 15-1, p. 5. Because her Title VII termination-related claims in her Complaint are broader than the allegations in her Charge of Discrimination, they are procedurally barred. *See Parker*, 915 F.3d at 306. Accordingly, the Court should dismiss Plaintiff's Title VII termination-related claims with prejudice because she did not exhaust her administrative remedies.

### B. Plaintiff Fails to State A Claim For National Origin or Race Discrimination Under Title VII and Section 1981.

Plaintiff fails to state claim for national origin or race discrimination under Title VII and § 1981 because she cannot plausibly allege that the purported adverse employment actions were based on her national origin or race.

"An adverse employment action is a discriminatory act that 'adversely affect[s] the terms, conditions, or benefits of the plaintiff's employment.'" *Thorn v. Sebelius*, 766 F. Supp. 2d 585, 598 (D. Md. 2011) (quoting *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007)). Here, Plaintiff fails to allege facts regarding the July 5, 2017, July 11, 2017, and September 6, 2017 actions, which if proven, would constitute adverse employment actions. With regard to the alleged July 5, 2017 denial of accommodation, Plaintiff has not alleged facts showing that she was

2

disabled and a qualified individual under the ADA, and she has not alleged facts which would permit a conclusion that the putative comparator was similarly situated, thus the alleged denial does not constitute an adverse employment action. *See infra* Sections D-E. Additionally, Plaintiff has not alleged facts showing that the alleged July 11, 2017 directive involved discrimination based on her race or national origin. *See* Complaint ¶ 12. Moreover, the directive is not an adverse employment action because it was not a discriminatory act that adversely affected the terms, conditions, or benefits of Plaintiff's employment and thus had a tangible effect on the terms and conditions of her employment. *See id.* Furthermore, the alleged "attempt to fire Plaintiff" on September 6, 2017 never occurred as demonstrated by Plaintiff's September 7, 2017 email, which was attached to Sheppard Pratt's Motion to Dismiss and uncontested by Plaintiff.

In addition, Plaintiff has not alleged any facts to plausibly claim a general pattern of racial and national origin discrimination on the part of Sheppard Pratt. Plaintiff's conclusory allegations are a far cry from the fact patterns that the Fourth Circuit has analyzed in determining whether there were circumstances giving rise to an inference of unlawful discrimination at the motion to dismiss stage. In *McCleary-Evans v. Md. Dep't of Transp.*, the Fourth Circuit held as follows:

> The allegation that the Highway Administration did not hire her because its decision makers were biased is simply too conclusory. Only speculation can fill the gaps in her complaint—speculation as to why two 'non-Black candidates' were selected to fill the positions instead of her. While the allegation that non-Black decisionmakers hired non-Black applicants instead of the plaintiff is *consistent* with discrimination, it does not alone support a *reasonable inference* that the decisionmakers were motivated by bias. McCleary–Evans can only speculate that the persons hired were not better qualified, or did not perform better during their interviews, or were not better suited based on experience and personality for the positions. In short, McCleary–Evans' complaint 'stop[ped] short of the line between possibility and plausibility of entitlement to relief.'

780 F.3d 582, 586 (4th Cir. 2015) (citations omitted) (emphasis in original); *see also Woods v. City of Greensboro*, 855 F.3d 639, 649 (4th Cir. 2017) (stating a June 2012 study of racial

3

disparities in contracting by the city "necessarily informs this Court's 'common sense' analysis of whether [the plaintiff's] allegations are plausible").

Accordingly, and contrary to Plaintiff's assertion, she is required to allege facts concerning (1) the circumstances surrounding the terminations of the African nurses, (2) who made the decision to terminate each employee, (3) what reason was given for their terminations, (4) the identity of any Caucasian nurses who allegedly replaced the African nurses, and (5) the approximate date of the terminations. *See* ECF 15-1, p. 11. Notably, Plaintiff inferentially admits she has no such facts, in her statement that Sheppard Pratt is asking her to "plead facts that she would necessarily obtain through discovery." *Id.* That deficiency is fatal to her effort to bootstrap her individual claim by reliance on pattern and practice allegations.

Finally, even if the Court finds that Plaintiff has sufficiently alleged a general pattern of discrimination in the practices of Sheppard Pratt, the conclusory pattern is focused solely on allegedly discriminatory terminations, and not discipline, and therefore, cannot give rise to an inference of unlawful discrimination with regard to the September 15, 2017 Final Warning Corrective Action and the September 17, 2017 suspension of Plaintiff.

Accordingly, the Court should dismiss Plaintiff's claims for national origin and race discrimination under Title VII and § 1981, with prejudice, for failure to state a claim.

**C.     Plaintiff Fails to State A Claim for Age Discrimination Under the ADEA.**

Plaintiff's argument that she has plead sufficient facts to state a claim for age discrimination under the ADEA is without merit. In her Opposition, Plaintiff does not offer any further justification for her age discrimination claim. Additionally, contrary to Plaintiff's assertion, at the motion to dismiss stage, Plaintiff is required to allege facts that permit a reasonable inference that age-based discrimination was the primary, decisive factor precipitating the alleged

4

denial of her request for accommodation. *See Anglemyer v. WCS Constr., LLC*, 2019 WL 3458951, at *3 (D. Md. July 31, 2019) (citing *Buchagen v. ICF Int'l, Inc.*, 545 F. App'x 217, 220 (4th Cir. 2013)); *Gray-Koyier v. Balt. Cnty. Pub. Schs.*, 2018 WL 1505789, at *5 (D. Md. Mar. 27, 2018) (granting the defendant's motion to dismiss the plaintiff's age discrimination claim because the plaintiff "has not alleged facts sufficient to establish that her age was a 'but-for-cause' of her termination"); *Vaziri v. Levindale Hosp./LifeBridge Health*, 2018 WL 1211540, at *11 (D. Md. Mar. 8, 2018) (holding the same).

Plaintiff's Complaint "presents no more than a threadbare recital of the elements of a cause of action for age discrimination, supported by mere conclusory statements[,]" which do not suffice under Rule 12(b)(6). *Gray-Koyier*, 2018 WL 1505789, at *5 (quoting *Iqbal*, 556 U.S. at 678; *Hartman v. Univ. of Md. at Balt.*, 595 F. App'x 179, 181 (4th Cir. 2014) (internal quotation marks omitted)). Moreover, the Complaint fails to allege facts which would permit a conclusion that the putative comparator was *substantially* younger than Plaintiff. *See id.* Accordingly, the Court should dismiss Plaintiff's claim under the ADEA, with prejudice, for failure to state claim.

**D.     Plaintiff Fails to State A Claim for Disparate Treatment Under The ADA.**

Plaintiff fails to state a claim for disparate treatment under the ADA because she fails to plausibly allege that she was disabled under either the "actual disability" or "regarded as" prongs at the time of the alleged adverse employment actions—July 5, 2017 and July 11, 2017. Complaint ¶¶ 41, 43. Plaintiff's assertion that additional alleged actions in September 2017 are related to her disparate treatment claim is not supported by her Complaint or Charge of Discrimination. "It is well-established that parties cannot amend their complaints through briefing or oral advocacy." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).

5

Moreover, Plaintiff's assertion that she had an actual disability after June 2017 is belied by her Complaint's allegation that she was "incapacitated, or substantially limited in one or more major life activities, **until** June 2017." Complaint ¶ 41 (emphasis added). Similarly, Plaintiff's assertion that Sheppard Pratt's purported directive to her to take extended medical leave is a "strong inference" that she was regarded as disabled is without merit. Importantly, the Charge of Discrimination also does not allege facts to support she had an actual disability or was regarded as disabled following her return from medical leave.

Furthermore, Plaintiff's Opposition fails to address Sheppard Pratt's argument that her Complaint is devoid of facts to support her conclusory assertion that similarly situated employees outside her protected class received more favorable treatment.

Accordingly, the Court should dismiss Plaintiff's claim for disparate treatment under the ADA, with prejudice, for failure to state a claim.

### E. Plaintiff Fails to State A Claim for Failure to Accommodate Under The ADA.

Plaintiff's argument that she has alleged sufficient facts to plausibly allege a claim for failure to accommodate under the ADA is without merit. First, Plaintiff has not alleged sufficient facts to demonstrate that she was disabled at the time of the alleged denial of her request for accommodation on July 5, 2017. *See supra* Section D. Second, even if Plaintiff has alleged enough facts to show she was disabled, she has not alleged facts that she was a qualified individual under the ADA. *See Carter v. Montgomery Cnty., Md.*, 2019 WL 3804765, at *4 (D. Md. Aug. 13, 2019) ("If the plaintiff's complaint fails to put forward allegations that the plaintiff meets the qualified individual standard, the complaint may be dismissed for failure to state a claim").

"The qualified individual inquiry proceeds in two steps. The Court must consider (1) whether the complaint has alleged that the plaintiff 'could perform the essential functions of the

job,' consisting of 'functions that bear more than a marginal relationship to the job at issue'; and (2) 'if not, whether any reasonable accommodation by the employer would enable the plaintiff to perform those functions.'" *Id.* at \*5 (quoting *Tyndall v. Nat'l Educ. Ctrs., Inc. of Cal.*, 31 F.3d 209, 213 (4th Cir. 1994)).

Here, in addition to her failure to identify the essential functions of her job, the allegations in her own Complaint are fatal to her claim because she has alleged that she could perform the unidentified essential functions of her job without reasonable accommodation. Specifically, Plaintiff alleges that "[w]ith or without the reasonable accommodations Mrs. Iwebo could have performed the essential functions of her job[,]" and that "at all times pertinent hereto, [she] was qualified to perform the essential functions of her job with or without the reasonable accommodation(s)." Complaint ¶¶ 46-47; *see Carter*, 2019 WL 3804765, at \*5 ("Where Carter has failed to allege, and apparently cannot plausibly allege, that the accommodations would enable him to perform as a bus operator 'presently, or in the immediate future,' . . . he has not plausibly stated that he is a qualified individual under the ADA and thus has not stated a viable ADA claim") (internal citation omitted). Plaintiff has not plausibly alleged that she was disabled or that she was a qualified individual under the ADA. Accordingly, the Court should dismiss Plaintiff's claim for failure to accommodate under the ADA, with prejudice, for failure to state a claim.

### F. Plaintiff Fails to State A Claim for Retaliation Under Title VII and Section 1981.

#### 1. Plaintiff's August 1, 2017 and September 6, 2017 emails do not constitute protected activity under Title VII or Section 1981.

As an initial matter, in her Opposition, Plaintiff does not respond to Sheppard Pratt's argument that her August 1, 2017 email does not constitute protected activity under Title VII or § 1981. As such, Plaintiff has abandoned her claim to the extent it is based on her August 1, 2017

email. *See Kitchings v. Shelton*, 2018 WL 398285, at *6 (D. Md. Jan. 12, 2018) ("When a defendant's motion to dismiss a complaint states specific deficiencies that warrant dismissal, and presents support legal arguments, it is the plaintiff's obligation to respond substantively to address them. Failure to respond to the defendant's arguments constitutes abandonment of those claims") (citing *Whittaker v. David's Beautiful People, Inc.*, 2016 WL 429963, at *3 n.3 (D. Md. Feb 4, 2016); *Sewell v. Strayer Univ.*, 956 F. Supp. 2d 658, 669 n.9 (D. Md. 2013); *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777, 783 (D. Md. 2010)).

Additionally, Plaintiff cannot plausibly allege that her September 7, 2017 email constitutes protected activity because the email confirms that she merely complained about general unfair treatment. Indeed, the email, Complaint, and Charge of Discrimination do not contain any facts that would "show that she was 'singled out for adverse treatment by the harasser because of her membership in a group protected by Title VII." *Melendez v. Bd. of Educ. for Montgomery Cnty.*, 2017 WL 121769, at *15 (D. Md. Jan. 12, 2017 (quoting *Khoury v. Meserve*, 268 F. Supp. 2d 600, 612 (D. Md. 2003)).

### 2. Plaintiff cannot show a causal connection between the alleged protected activity and the alleged adverse actions.

Plaintiff's argument that the Notice of Charge of Discrimination, dated October 3, 2017, which is attached to the Motion to Dismiss and uncontested by Plaintiff, is not conclusive of when Sheppard Pratt had knowledge of Plaintiff's alleged initiation of her Charge of Discrimination on September 15, 2017 and filing of the Charge of Discrimination on September 19, 2017 is without merit. Plaintiff has presented no facts that Sheppard Pratt had knowledge of her having invoked the EEOC's charge filing procedures at a time prior to its receipt of the Notice of Charge. Accordingly, the Court should dismiss Plaintiff's claims for retaliation under Title VII and § 1981, with prejudice, for failure to state a claim.

### G. The Court Should Deny Plaintiff Leave to Amend Her Complaint.

Plaintiff's Opposition's last heading states: "The Court Should Plaintiff an Opportunity to Amend Pleadings." ECF 15-1, p. 17. The body of the argument contains only citations to a slew of irrelevant case law and no request by Plaintiff for leave to amend her Complaint. *See id.* at pp. 17-18. If the Court construes Plaintiff's heading as a request for leave to amend, the Court should deny leave to amend because she did not properly file a motion to amend or submit a proposed amended complaint as required by Federal Rule of Civil Procedure 15(a)(2) and Local Rule 103.6.

Local Rule 103.6 provides that "[w]henever a party files a motion requesting leave to file an amended pleading, the original of the proposed amended pleading shall accompany the motion." D. Md. Loc. R. 103.6(a). Plaintiff did not file a motion requesting leave to file an amended complaint or submit a proposed amended complaint. Furthermore, Rule 15(a)(2) provides that a plaintiff may amend with the Court's leave. FED. R. CIV. P. 15(a)(2). In *U.S. ex rel. Carson v. Manor Care, Inc.*, the Fourth Circuit held as follows:

> Carson requested to amend the complaint only in his response to Manor Care's motion to dismiss. Despite being put on notice of the deficiencies in his complaint by Manor Care's motion, Carson only argued that 'all of the Defendants' arguments, if viable, appear to be curable largely through scriveners' additions.' He did not properly file a motion to amend under Federal Rule of Civil Procedure 15 or submit a proposed amended complaint. Therefore, the district court did not abuse its discretion in denying leave to amend.

851 F.3d 293, 305 n.6 (4th Cir. 2017) (internal citations omitted); *see also Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (holding that "[r]egardless of the merits of the desired amendment, a district court does not abuse its discretion by declining to grant a motion that was never properly made"); *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130 (D.C. Cir. 2012) (holding that "a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought—does not constitute a motion within the

contemplation of Rule 15(a)"). Accordingly, the Court should deny Plaintiff's apparent request for leave to amend her Complaint.

## II. CONCLUSION

For all the foregoing reasons, Sheppard Pratt respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice for failure to state a claim and deny Plaintiff leave to amend the Complaint.

Respectfully submitted,

/s/
Bruce S. Harrison (Bar No. 00887)
Alexander I. Castelli (Bar No. 20550)
SHAWE ROSENTHAL LLP
One South Street, Suite 1800
Baltimore, MD 21202
Telephone: (410) 752-1040
Facsimile: (410) 752-8861
bsh@shawe.com
aic@shawe.com

January 30, 2020 *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of Defendant's Reply in Support of its Motion to Dismiss Plaintiff's Complaint was electronically filed and thereby served on January 30, 2020, to:

>George A. Rose, Esquire
>Rose Law Firm, LLC
>200 E. Lexington Street, Suite 1305
>Baltimore, MD 21202
>grose@roselawfirm.net
>
>*Counsel for Plaintiff*

          /s/
    Alexander I. Castelli

#788534_3