IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JANE IWEBO | * | |
| Plaintiff, | * | |
| v. | * | Civil No.: BPG-19-3008 |
| SHEPPARD PRATT HEALTH SYSTEM, INC. | * | |
| Defendant | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Currently pending before the court are plaintiff's Motion for Leave to Amend plaintiff's Complaint and Jury Demand ("Motion to Amend") (ECF No. 24), defendant's Opposition to plaintiff's Motion for Leave to Amend Complaint, or in the Alternative, Motion to Dismiss the Amended Complaint ("defendant's Opposition" or "Motion to Dismiss") (ECF No. 27), plaintiff's Reply and Response Memorandum in Opposition to defendant's Opposition to plaintiff's Motion for Leave to Amend Complaint, or in the Alternative, Motion to Dismiss the Amended Complaint ("plaintiff's Reply") (ECF No. 31), and defendant's Reply to plaintiff's Response in Opposition to defendant's Motion to Dismiss the Amended Complaint ("defendant's Reply") (ECF No. 33).  The issues are fully briefed, and no hearing is necessary.  Loc. R. 105.6. For the reasons stated below, plaintiff's Motion for Leave to Amend plaintiff's Complaint and Jury Demand (ECF No. 24) is granted in part and denied in part and defendant's Motion to Dismiss (ECF No. 27) is granted in part and denied in part.

**I.      BACKGROUND**

On October 16, 2019, plaintiff filed her original Complaint against defendant, bringing claims of discrimination based on national origin, race, age, and disability, and a claim of retaliation.  (ECF No. 1).  Defendant filed a Motion to Dismiss (ECF No. 11) which this court granted, dismissing plaintiff's claims without prejudice (ECF No. 21).  Plaintiff then filed her pending Motion to Amend, stating the following claims in her Amended Complaint pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981: Count I – National Origin Discrimination; Count II – Race Discrimination; Count III – Retaliation; and Count IV – Disparate Impact.  (ECF No. 24-2).  Defendant opposes plaintiff's Motion to Amend, arguing that allowing plaintiff to amend her complaint would be futile because plaintiff's Amended Complaint should be dismissed for failure to exhaust administrative remedies and failure to state a claim.  (ECF No. 27 at 1).

The court incorporates the facts set forth in its previous opinion, (ECF No. 20 at 1-4), but adds additional facts pertinent to the pending motions.  According to plaintiff's Amended Complaint, after plaintiff applied for and was denied a day shift position with defendant, plaintiff verbally complained to her manager, Ms. Amanpreet Bahra, and accused Ms. Bahra of discrimination based on plaintiff's African national origin ("Verbal Complaint").  (ECF No. 26 ¶ 14).  Following a series of events detailed in the previous opinion (ECF No. 20 at 2-3), plaintiff was terminated on or around September 28, 2017.  (ECF No. 26 ¶ 22).  Plaintiff asserts that "White American counterparts," registered nurses who worked on the same unit as plaintiff, allegedly engaged in behaviors similar to those for which plaintiff was reprimanded and terminated.  (Id. ¶ 23). On or around September 29, 2017, plaintiff appealed her termination, and on or around October 30, 2017, defendant denied plaintiff's appeal.  (Id. ¶ 24).

## II.     STANDARD OF REVIEW

"[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  Here, defendant argues that plaintiff's Motion to Amend should be denied because amendment of plaintiff's Complaint would be futile. (ECF No. 27 at 1).  To determine whether plaintiff's amendment would be futile, this court will analyze whether plaintiff has failed to exhaust her administrative remedies or failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

When analyzing whether a party has failed to state a claim pursuant to Rule 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. See Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005).  A complaint need only state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Pursuant to Rule 12(d), a motion to dismiss for failure to state a claim upon which relief can be granted is converted into a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d).  Defendant

3

included plaintiff's EEOC charge as an exhibit. (ECF No. 27-1).  As the court previously held, plaintiff's EEOC charge is integral to her Complaint (ECF No. 20 at 6) and, therefore, will be considered without converting defendant's Motion to Dismiss to a Motion for Summary Judgment.

### III.   DISCUSSION

As noted above, plaintiff asserts the following claims: Count I – National Origin Discrimination; Count II – Race Discrimination; Count III – Retaliation; and Count IV – Disparate Impact.  Defendant argues that plaintiff's Motion to Amend should be denied because her amendments would be futile and, therefore, plaintiff's Complaint should be dismissed for failure to state a claim.

#### A.   Counts I & II: National Origin & Race Discrimination

Defendant challenges plaintiff's claims for national origin and race discrimination, asserting that plaintiff failed to state a claim because plaintiff fails to allege that 1) the denial of plaintiff's termination appeal is an independent adverse employment action from plaintiff's termination; and 2) the adverse employment actions plaintiff suffered occurred "under circumstances giving rise to an inference of unlawful discrimination."

The McDonnell Douglas burden shifting framework establishes four required elements for plaintiff's claims of discrimination: "(1) she is a member of a protected class; (2) she 'suffered an adverse employment action'; (3) her job performance was satisfactory; and (4) the adverse employment action occurred 'under circumstances giving rise to an inference of unlawful discrimination.'"  Swaso v. Onslow Cty. Bd. of Educ., 698 F. App'x 745, 747 (4th Cir. 2017) (quoting Adams v. Tr. of Univ. of N.C.-Wilmington, 640 F.3d 550, 558 (4th Cir. 2011)).

At the motion to dismiss stage, a plaintiff need not establish a prima facie case of discrimination under the McDonnell Douglas burden shifting framework because the "prima facie case under McDonnell Douglas . . . is an evidentiary standard, not a pleading requirement." Swierkiewicz v. Sorema, 534 U.S. 506, 510 (2002).  The Fourth Circuit has made clear that "although a plaintiff 'need not plead facts sufficient to establish a prima facie case of . . . discrimination to survive a motion to dismiss,' the 'pleading standard established in Iqbal and Twombly applies[.]'"  Aletum v. Kuehne + Nagel Co., Civil No. ELH-19-1972, 2020 WL 1955553, at *10 (D. Md. Apr. 23, 2020) (quoting Woods v. City of Greensboro, 855 F.3d 639, 648 (4th Cir. 2017)).  Therefore, "the question at the motion to dismiss stage is whether the plaintiff has stated 'a plausible claim for relief.'"  Id. (quoting Ciociola v. Balt. City Bd. of Sch. Comm'rs, Civil No. CCB-15-1451, 2016 WL 125597, at *4 (D. Md. Jan. 12, 2016)).

First, defendant maintains that the rejection of plaintiff's termination appeal is not a separate adverse action from plaintiff's termination and, therefore, does not satisfy the second element of the McDonnell Douglas framework.  (ECF No. 27 at 3-4).  It is well settled, however, that any action taken by an employer that "might well deter a reasonable employee from complaining about discrimination" may be considered an adverse action.  Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).  Determining what constitutes an adverse action is a fact-specific inquiry – the "significance of any given act will often depend on the particular circumstances.  Context matters." Id. at 69.  Here, viewing all facts and reasonable inferences in the light most favorable to plaintiff, defendant's denial of plaintiff's termination appeal could "deter a reasonable employee from complaining about discrimination" and, therefore, could be construed as a separate adverse action from plaintiff's termination.  Id. at 68. While a fact-specific inquiry into the appeals process and the denial of plaintiff's appeal will be

necessary, plaintiff is not required to make a prima facie case at this stage. Aletum, 2020 WL 1955553, at *10. Therefore, plaintiff has adequately stated a claim and met her burden in demonstrating that defendant's rejection of her termination appeal may be an adverse action.

Next, defendant argues that plaintiff has not satisfied the fourth element of the McDonnell Douglas framework. The fourth element requires plaintiff to allege that adverse employment action occurred "under circumstances giving rise to an inference of unlawful discrimination." Adams, 640 F.3d at 558. This can be accomplished by demonstrating "a general pattern of racial discrimination in the practices of a defendant" or relying on comparator evidence. Swaso, 698 F. App'x at 748. When relying on comparator evidence, a plaintiff must show "that the comparator is similarly situated in all relevant aspects." Ryan v. McAleenan, No. ELH-19-1968, 2020 WL 1663172, at *18 (D. Md. Apr. 3, 2020). To be "similar in all relevant aspects," a plaintiff must allege facts such as, she and the comparator "dealt with the same supervisor, [were] subject to the same standards, and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." Id. (quoting Haywood v. Locke, 387 F. App'x 355, 359 (4th Cir. 2010)). Here, plaintiff's Amended Complaint names several "White American counterparts," other registered nurses in her unit with the same manager, who allegedly committed workplace infractions similar to those alleged to have been committed by plaintiff. These individuals, however, were allegedly not suspended or terminated, unlike plaintiff. (ECF No. 24-2 ¶ 23). Given these allegations, the court concludes plaintiff has set forth enough facts, when viewed in the light most favorable to her, that there are comparators who are similar to plaintiff. Accordingly, plaintiff has stated sufficient facts to "state a claim for relief that is

plausible on its face," Twombly, 550 U.S. at 570, and dismissal of Counts I and II is not warranted.

### B. Count III - Retaliation

With regard to plaintiff's retaliation claim, defendant asserts that: 1) plaintiff did not exhaust her administrative remedies for the Verbal Complaint made to her manager, Ms. Bahra; 2) even if plaintiff did exhaust her administrative remedies, the Verbal Complaint did not constitute protected activity; and 3) plaintiff did not demonstrate a causal connection between the alleged protected activities and adverse employment actions.[1]

First, regarding whether plaintiff has exhausted her administrative remedies for the Verbal Complaint, "[a] subsequent lawsuit must limit its claims to those included in the administrative charge and those 'reasonably related' to the claims described in the administrative charge." Rowlette v. Lifebridge Health, No. RDB-18-2706, 2019 WL 5696841, at *3 (D. Md. Nov. 4, 2019). A Title VII plaintiff can exhaust administrative remedies if a "reasonable investigation of [her] administrative charge would have uncovered the factual allegations set forth in formal litigation." Chacko v. Patuxent Inst., 429 F.3d 505, 512 (4th Cir. 2005). Plaintiff said in her EEOC charge that she "filed a discrimination complaint." (ECF No. 27-1 at 2). Plaintiff's Verbal Complaint is alleged to be a discrimination complaint, as plaintiff states that she "accused Ms. Bahra of discrimination because of [p]laintiff's African background." (ECF No. 24-2 ¶ 14). "[I]f the factual allegations in the administrative charge are reasonably related to the factual allegations in the formal litigation, the connection between the charge and the claim is

---

[1] Defendant also argues that plaintiff's termination and the denial of plaintiff's appeal of her termination constitute a single adverse employment action. (ECF No. 27 at 8). This argument is addressed above in the court's discussion of plaintiff's national origin and race discrimination claims.

sufficient." Chacko, 429 F.3d at 509.  Here, plaintiff alleged in her EEOC charge that she filed a discrimination complaint and plaintiff alleges in her Amended Complaint that she complained to Ms. Bahra and accused her of discrimination.  Given these allegations, the court concludes that plaintiff's Verbal Complaint in her Amended Complaint is reasonably related to the allegations in her EEOC charge and, therefore, plaintiff has exhausted her administrative remedies.

Next, defendant maintains plaintiff's Verbal Complaint is not protected activity.  To establish a prima facie case of retaliation under Title VII and Section 1981, plaintiff must show: (1) she engaged in a protected activity; (2) the employer acted adversely against her; and (3) there was a causal connection between the protected activity and the adverse employment action. Guessous v. Fairview Prop. Investments, LLC, 828 F.3d 208, 216–17 (4th Cir. 2016).  "When an employee communicates to her employer a belief that the employer has engaged in . . . a form of employment discrimination, that communication virtually always constitutes the employee's opposition to the activity."  Crawford v. Metro. Gov't of *417 Nashville & Davidson Cnty., Tenn., 555 U.S. 271, 276 (2009).  In this case, plaintiff states in her Amended Complaint that she complained to her manager, Ms. Bahra, about the denial of plaintiff's application for the day shift position and "accused Ms. Bahra of discrimination because of [p]laintiff's African background."  (ECF No. 24-2 ¶ 14).  Plaintiff's allegations clearly state that she communicated her belief to Ms. Bahra, her manager, that Ms. Bahra had engaged in employment discrimination due to plaintiff's national origin.  Therefore, plaintiff's Verbal Complaint has met the pleading requirements to state a claim for protected activity.

Third, defendant argues that plaintiff has failed to adequately allege a causal connection between plaintiff's alleged protected activities (plaintiff's Verbal Complaint, filing of her EEOC charge, and appeal of her termination) and the adverse employment actions taken against

8

plaintiff (final warning, suspension, termination, and denial of plaintiff's appeal of her termination).  (ECF No. 27 at 8-9).  A "plaintiff must establish that when taking the adverse action, an employer had knowledge that the plaintiff had engaged in protected activity." Finnegan v. Dep't of Pub. Safety & Corr. Servs., 184 F. Supp. 2d 457, 463 (D. Md. 2002). According to the Amended Complaint, on or around August 1, 2017, plaintiff made the Verbal Complaint alleging she was discriminated against by Ms. Bahra.  (ECF No. 24-2 ¶ 14).  Viewing the facts in the light most favorable to plaintiff, defendant had knowledge of this protected activity before the adverse actions alleged in this case: 1) the final warning on or about September 15, 2017; 2) the suspension on or around September 18, 2017; 3) the termination on or around September 28, 2017; and 3) the denial of plaintiff's termination appeal on or around October 30, 2017.  (ECF No. 24-2 ¶ 17, 22, 24, 39).  Therefore, plaintiff has adequately alleged a causal connection between her protected activity and defendant's adverse actions.  Accordingly, viewing the facts in the light most favorable to plaintiff, she has stated a plausible claim for relief regarding Count III – Retaliation.

### C. Count IV – Disparate Impact

Defendant argues that plaintiff has not exhausted her administrative remedies regarding her cause of action for disparate impact in Count IV.  As discussed above, subsequent litigation is limited to claims included in, and reasonably related to, the claims stated in plaintiff's EEOC charge.  Rowlette, 2019 WL 5696841, at *3.  "Where 'allegations in the complaint match the discriminatory bases and kinds of liability alleged in the EEOC charge,' a plaintiff has sufficiently exhausted her administrative remedies." Membreno v. Atlanta Rest. Partners, LLC, No. PX-19-369, 2021 WL 409746, at *9 (D. Md. Feb. 5, 2021) (quoting Johnson v. SecTek, Inc.,

No. ELH-13-3798, 2015 WL 502963, at *5 (D. Md. Feb. 4, 2015)). This court and the Fourth Circuit have determined that an EEOC charge must allege or identify a supposedly discriminatory policy in order to exhaust a plaintiff's administrative remedies for a disparate impact claim. In Abdus-Shahid v. Mayor and City Council of Baltimore, 674 F. App'x 267 (4th Cir. 2017), the Fourth Circuit concluded the plaintiff did not exhaust his administrative remedies regarding his disparate impact claim because the plaintiff's EEOC charge "[c]ritically . . . [did] not identify any policy (neutral or otherwise) being challenged as discriminatory in its effect." Id. at 275. Similarly, in Cunningham v. Adventist Healthcare, Inc., No. TJS-19-2831, 2021 WL 662183, at *1 (D. Md. Feb. 19, 2021), this court determined that the plaintiff did not exhaust her administrative remedies regarding a disparate impact claim because the "EEOC charge makes no mention of [defendant's] alleged employment policy or any disparate impact of the policy." Id. at *4.

In this case, plaintiff's EEOC charge is similar to the EEOC charges in Abdus-Shahid and Cunningham because it does not identify any of defendant's policies as being discriminatory in their effect. Rather, the charge merely alleges that plaintiff was discriminated against on the basis of her national origin, race, age, and disability. (ECF No. 27-2). Because plaintiff's EEOC charge failed to mention any of defendant's policies or their alleged disparate impact, plaintiff has failed to exhaust her administrative remedies. Therefore, Count VI – Disparate Impact is dismissed with prejudice.[2]

---

[2] Defendant also argues that plaintiff's 42 U.S.C. § 1981 claim for disparate impact should be dismissed "because [plaintiff's] claim is based solely on national origin" and not race. (ECF No. 27 at 10). Section 1981 "prohibits discrimination on the basis of race, but . . . does not bar discrimination purely on the basis of national origin." Nnadozie v. Genesis HealthCare Corp., 730 F. App'x 151, 156 (4th Cir. 2018). The Fourth Circuit stated, however, "there is no reason why a plaintiff cannot bring a Section 1981 claim on the basis of being 'African.'" Id. at 157.

## IV. CONCLUSION

For the foregoing reasons, plaintiff has sufficiently stated a claim in Counts I, II, and III, but has failed to exhaust her administrative remedies with regard to Count VI. Accordingly, plaintiff's Motion for Leave to Amend plaintiff's Complaint and Jury Demand (ECF No. 24) is GRANTED IN PART and DENIED IN PART and defendant's Motion to Dismiss (ECF No. 27) is GRANTED IN PART and DENIED IN PART. A separate order will be issued.


May 3, 2021                                             /s/
                                               Beth P. Gesner
                                               Chief United States Magistrate Judge

---

While the court would not dismiss plaintiff's claim based on this argument, as stated above, the court does dismiss plaintiff's disparate impact claim under another rationale.