IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JANE IWEBO, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Case No.:  1:19-cv-03008-BPG |
| | * |
| SHEPPARD PRATT HEALTH SYSTEM, INC., | * |
| | * |
| | * |
| Defendant. | * |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO MODIFY SCHEDULING ORDER**

Defendant Sheppard Pratt Health System, Inc. ("Defendant" or "Sheppard Pratt"), by and through its undersigned counsel, hereby opposes Plaintiff's Motion to Modify Scheduling Order (ECF # 55).

**I.     INTRODUCTION**

Plaintiff's Motion to Modify Scheduling Order ("Plaintiff's Motion") should be denied because the remaining deadlines have already been extended once, and since the deadlines were extended, Plaintiff has not raised any concern to undersigned regarding the remaining deadlines or expressed the need to extend such deadlines. Further, Plaintiff's eleventh-hour request for an extension of the discovery deadline will prejudice Defendant because it will require Defendant to incur costs for additional discovery not timely conducted during the discovery period. For these reasons, Plaintiff's Motion should be denied.

**II.    LEGAL STANDARD**

"Scheduling orders serve a vital purpose in helping a court manage its civil caseload." *Al-Sabah v. Agbodjogbe*, No. ELH-17-730, 2017 WL 4467495, at *1 (D. Md. Oct. 5, 2017) (citing

*Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985) and *Naughton v. Bankier*, 14 Md. App. 641, 653 (1997) (recognizing that a scheduling order "to maximize judicial efficiency and minimize judicial inefficiency."). Federal Rule 16 governs requests to modify a scheduling order. Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." F.R.C.P. 16(b)(4). "Rule 16 focuses on good cause with respect to modification of a scheduling order. With regard to good cause, the '[p]rimary consideration of the Rule 16(b) good cause standard is the diligence of the movant. Lack of diligence and carelessness are hallmarks of failure to meet the good cause standard." *Al-Sabah*, 2017 WL 4467495 at *2 (quoting *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) (citations omitted)). "The focus of the inquiry is upon the moving party's reasons for seeking modification. *If that party was not diligent, the inquiry should end.*" *Rassoull*, 209 F.R.D. at 374 (emphasis in original). "[T]he court also considers whether the non-moving party would be prejudiced by any delay, the length of the delay, and whether the movant acted in good faith." *Al-Sabah*, 2017 WL 4467495 at *2 (citing *Tawwaab v. Virginia Linen Serv., Inc.*, 729 F. Supp. 2d 757, 758-59 (D. Md. 2010)).

### III.  ARGUMENT

Plaintiff's Motion should be denied because Plaintiff has demonstrated a lack of diligence by failing to timely complete discovery and by seeking an extension mere days before the discovery deadline. In fact, to date, Plaintiff has not timely noticed any depositions prior to the discovery deadline. Further, if the requested extension is granted, Defendant will be prejudiced by the unanticipated cost of discovery now being requested at the eleventh hour.

First, the discovery deadline has already been extended once after Defendant filed a Motion to Compel and for Sanctions (ECF #47). At the Court's instruction, the parties met and conferred and on August 26, 2021, the parties submitted a Joint Proposed Modified Schedule, which

extended the discovery deadline to November 30, 2021 (ECF #50). On August 27, 2021, the Court issued an Order adopting the proposed deadlines (ECF #51).

Second, since the discovery deadline was extended, Plaintiff's counsel has not raised any further need for an extension to undersigned, including the reasons set forth in Plaintiff's Motion. Rather, on November 22, 2021 at 12:23 PM, for the first time, Plaintiff sent an email to Defendant's counsel, the body of which simply stated "Please see attached documents." Plaintiff's e-mail attached several documents, including a letter from counsel requesting dates for four depositions and requesting Defendant's consent to extend the remaining deadlines; a deficiency letter in response to Defendant's written discovery which was served on October 13, 2021; a draft Notice of Taking the Deposition of Defendant Sheppard Pratt Health System, Inc.; Plaintiff's Motion to Modify Scheduling Order; and a letter setting forth Plaintiff's attorney's fees to date. Plaintiff filed the Motion to Modify Scheduling Order the following day, November 23, 2021 at 1:30 PM.

In light of the Thanksgiving holiday, Plaintiff's e-mail requesting Defendant's consent was sent just three business days before the close of discovery. Further, undersigned was out of the office on Tuesday, November 23, 2021 for a funeral and was out of the office the remainder of the week. Nonetheless, Plaintiff filed the underlying motion 24-hours after sending notice to Defendant's counsel and made no further effort to confer with undersigned after sending the November 22, 2021 e-mail and before filing the motion. Moreover, since the parties jointly requested to extend the remaining deadlines on August 26, 2021, Plaintiff's counsel never brought up the need to extend the remaining deadlines or the issues raised in Plaintiff's Motion related to counsel's medical condition, litigation schedule, sister or religious holidays; despite the fact that the parties were all in attendance at Plaintiff's deposition on Tuesday, November 9, 2021.

3

Third, to permit Plaintiff to conduct further discovery would prejudice Defendant by requiring it to incur significant additional unanticipated litigation costs despite Defendant diligently conducting discovery in accordance with the Court's Scheduling Order.  Additionally, Plaintiff's request to conduct four depositions before January 5, 2021 will be difficult given the holidays, witness availability, and previously scheduled litigation deadlines.  Accordingly, should the Court grant Plaintiff's Motion, Defendant requests that the discovery deadline be extended through January 30, 2022 and **only** for the purpose of conducting the depositions requested as of the filing of Plaintiff's Motion.  Moreover, all remaining deadlines should be further extended to allow Defendant ample time to file its dipositive motion.

For these reasons, Defendant respectfully requests this Court deny Plaintiff's Motion.

Date: November 30, 2021                                   Respectfully submitted,


                                                          _____/s/_____
                                                          Teresa D. Teare (Bar No. 28055)
                                                          Veronica Yu Welsh (Bar No. 10024)
                                                          SHAWE ROSENTHAL LLP
                                                          One South Street, Suite 1800
                                                          Baltimore, MD 21202
                                                          Tel: 410-752-1040
                                                          Fax: 410-752-8861
                                                          tdt@shawe.com
                                                          vyw@shawe.com
                                                          *Attorneys for Defendant*

4

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on November 30, 2021 a copy of the foregoing Opposition to Plaintiff's Motion to Modify Scheduling Order was served via the Court's Electronic Case Filing System, upon:

George A. Rose, Esquire
Rose Law Firm, LLC
9134 Liberty Road
Baltimore, MD 21133
grose@roselawfirm.net

*Counsel for Plaintiff*

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　Teresa D. Teare